## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| In re: | ) | |
|     Adam Shemat, | ) | Chapter 7 |
| | ) | Case No. 09-11252 |
|                Debtor | ) | |
| _____ | ) | |
| | | |
| Jeremy and Anissa Gove, | ) | |
|                Plaintiffs | ) | |
| | ) | Adv. Pro. No. 09-1033 |
| v. | ) | |
| | ) | |
| Adam Shemat, | ) | |
|                Defendant | ) | |

### ORDER ON DEFENDANT'S MOTION IN LIMINE

The defendant, by way of a motion in limine, seeks a determination that a judgment rendered in a state court may not be admitted into evidence to prove the nondischargeability of a debt pursuant to 11 U.S.C. §523(a)(6).  The judgment which the defendant seeks to exclude appears to be a Journal Entry from a Nebraska state court granting summary judgment in favor of plaintiffs and against the defendant.  The complaint, which has been offered, alleges that during November of 2003, the defendant took possession of the plaintiffs' motor vehicle, in violation of Nebraska's theft laws, and while operating the vehicle, intentionally caused property damage to it in an amount of almost $5,000.  The Journal Entry indicates that the defendant did not appear at the hearing on the summary judgment motion, and that judgment was granted in the absence of a genuine issue of

material fact.  Neither party in this adversary proceeding has offered a copy of the state court summary judgment motion.

Leaving aside the question of whether this court may determine the actual basis of the state court summary judgment on the present record, I will assume, for present purposes, that summary judgment was granted on the basis of an intentional tort.  However, the Journal Entry, in and of itself, will not establish the necessary requirements of 11 U.S.C. §523(a)(6).  Section 523(a)(6) excepts from discharge debts based upon willful and malicious conduct.  These are separate elements.  See McAlister v. Slosberg (In re Slosberg), 225 B.R. 9, 16 (Bankr. D. Me. 1998).  The willful element requires a showing of "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury."  Id. at 17 (quoting Kawaauhau v. Gieger (In re Geiger), 523 U.S. 57, 61 (1998)).  Malice "requires a showing that the debtor's willful, injurious conduct was undertaken without just cause or excuse."  Slosberg, 225 B.R. at 21.

The motion in limine is DENIED.  The Journal Entry may be admitted into evidence for whatever it is worth as part of the plaintiff's case.  As the hearing, scheduled for November 4, 2010 at 10:00 a.m., on the motion is unnecessary, counsel will appear, either in person or telephonically at that time for a status conference.  SO ORDERED.

DATED: October 26, 2010

_____
Louis H. Kornreich, Chief Judge
United States Bankruptcy Court